IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

Isaiah Lamar Hair, Sr. and
Jalessa Hair,

Debtors.

Case No. 20-27743-beh

Chapter 13

---

**DECISION AND ORDER**

---

Having reason to believe a joint debtor filed a false certification regarding domestic support obligations owed, the Chapter 13 trustee filed a motion to deny that debtor's discharge. After finding the certification to be false, the Court considered whether the Code permits denial of discharge under this circumstance. Weighing Code text, analysis of other courts, and the trustee's argument, the Court concludes that in this situation, the Code does not provide for denial of discharge but does allow dismissal of the joint debtor's case without discharge.

## Factual and Procedural Background

The debtors filed this case on December 1, 2020.[1] The trustee filed his Notice of Completion of Plan on April 16, 2026. ECF No. 134. Mr. Hair filed Local Form 2831 bearing his certifications regarding domestic support obligations, section 522(q), and completion of Chapter 13 payments, on April 28, 2026, ECF No. 137. He received his discharge later that same day, ECF No. 138. *See In re Hernandez*, No. 13-35389-hdh13, 2019 WL 642841, at *4 (Bankr. N.D. Tex. Feb. 14, 2019) (recognizing that § 1328(a) permits a debtor to receive a Chapter 13 discharge if requirements as to that debtor are met, even if the requirements as to his joint debtor are not met.)

On May 6, 2026, Mr. Hair filed documentation regarding an alleged domestic support obligation arrearage owed him by Ms. Hair. ECF No. 140. Ms. Hair filed her Local Form 2831 on May 26, 2026, certifying that she owed no domestic support obligations at the time that she filed this case, and has not been required to pay any such obligations since then. ECF No. 143.

Because of the discrepancy between Mr. Hair's filings and Ms. Hair's certifications, the Court held a preliminary hearing on June 16, 2026. Debtor Isaiah Hair appeared, *pro se*, and counsel for the Chapter 13 trustee appeared. Debtor Jalessa Hair did not appear. After some discussion the Court adjourned the hearing to July 7 to give Ms. Hair a further opportunity to appear and the trustee's office time to consider how to proceed. In the interim, the Chapter 13 trustee filed a motion to deny Ms. Hair's discharge based on alleged domestic support arrearage and citing 11 U.S.C. § 1328(a). ECF No. 150.

Ms. Hair appeared *pro se* via Zoom at the July 7 hearing. Mr. Hair also appeared virtually, *pro se*, as did counsel for the Chapter 13 trustee. After discussion the Court set the matter for an evidentiary hearing on August 4, 2026.

---

[1] The two were married and represented jointly by counsel at the time of filing. They later initiated divorce proceedings, creating a conflict of interest and prompting the withdrawal of counsel. *See* ECF No. 81.

## August 4 evidentiary hearing

Debtor Jalessa Hair did not appear at the evidentiary hearing. The Chapter 13 trustee's counsel took testimony from Mr. Hair and offered three exhibits into evidence—201, 202, and 203—of which the Court admitted two (202 and 203), and took judicial notice of the third (201). Mr. Hair testified regarding Ms. Hair's domestic support obligations. He described that there is a state court child support order which requires Ms. Hair to pay him about $2,200.00 per month. Mr. Hair also testified that there has not been a time since the two divorced in 2023 that Ms. Hair has not owed a child support obligation to him.[2]

Mr. Hair then testified regarding exhibit 202. ECF No. 161, at 63. This exhibit is a printout of a webpage that Mr. Hair can access through his child support services account. The webpage identifies Jalessa Hair as "payer" and Isaiah Hair as "payee." *Id.* It lists a monthly payment of $2,162.00 for current child support and a monthly payment of $100.00 for custodial arrears. *Id.*

Mr. Hair also testified as to exhibit 203. ECF No. 161, at 65. This is another webpage that Mr. Hair can access through his child support services account. The webpage is labeled "Balances," and Mr. Hair testified that it shows the total amount of child support arrears owed to him by Ms. Hair, as well as the amount of child support owed to him monthly. The arrearage owed by Ms. Hair to Mr. Hair as of July 14, 2026 (not including interest) is listed at $45,042.97. Mr. Hair testified that Ms. Hair owed close to that amount as of May 26, 2026, the date Ms. Hair filed her Form 2831.

Ms. Hair did not appear at the evidentiary hearing to offer any evidence of her own, nor has she argued at any point that these are not the type of domestic support obligations contemplated by section 1328(a). For these reasons, the Court's factual findings herein are not in dispute.

---

[2] Exhibit 201, of which the Court took judicial notice, is a photocopy of the online docket for Isaiah Hair and Jalessa Hair's family law case in Milwaukee County Court, Case No. 2022FA005055.

**Analysis—1328(a)**

Section 1328(a) states:

> Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and *in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification* (including amounts due before the petition was filed, but only to the extent provided for by the plan) *have been paid*, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title [with exceptions not relevant here].

11 U.S.C. § 1328(a) (emphasis added).

Section 1328(a) mandates that a debtor be current on all domestic support obligations as a prerequisite to receiving a Chapter 13 discharge. *See In re Reed,* No. 08-50593, 2014 WL 132106, at *1 (Bankr. S.D. Ga. Jan. 14, 2014) ("As a condition of discharge under chapter 13, a debtor who is required by order or statute to pay a domestic support obligation must certify that all amounts due on or before the date of certification have been paid. 11 U.S.C. § 1328(a)."). Notwithstanding this condition of discharge, "the Court has no independent means of verifying whether a debtor is current on domestic support obligations disclosed in his or her petition and plan or whether a debtor has incurred a domestic support obligation since the filing of the case." *In re Sims*, No. 06-62756, 2008 WL 7842067, at *2 (Bankr. N.D. Ga. May 1, 2008). The verification inquiry here results from the Chapter 13 trustee's motion to deny discharge. Based on the evidence, the Court finds that Ms. Hair's certification that she was not required to pay a domestic support obligation at any point since the filing of this bankruptcy was false. The Court also finds that Ms. Hair was required by court order to pay a domestic support obligation when she made her 1328(a) certification, and that she was not current on her obligations at the time she filed that certification.

Next the Court considers the consequence of a debtor's false certification. Section 1328(a) does not contain any express direction to address a debtor's delinquent support obligations at the time she files her certification. Instead, it only directs that the court should grant a discharge once debtor certifies all her domestic support obligations have been paid. Several courts have considered, directly or indirectly, whether the Code affords authority to deny a Chapter 13 debtor her discharge. At least one court has pointed out that there is no Chapter 13 analog to 11 U.S.C. § 727, the denial of discharge provision for Chapter 7 cases.[3] That court reasoned that Congress's express inclusion of such a provision in § 727(a) implicitly excludes denial of discharge in a Chapter 13 case. *See William Iselin & Co., Inc. v. Lewis (In re Brian Price Lewis),* 5 B.R. 575, 576 (Bankr. N.D. Ga. 1980). The *Lewis* court addressed a creditor's adversary complaint seeking to deny a Chapter 13 discharge based on money owed under a factoring agreement. The court ruled "[the fact t]hat there is no section under Chapter 13 enumerating exceptions to a debtor's discharge or incorporating into this Chapter the exceptions to discharge specified in Section 727 evinces an intention on the part of Congress to exclude such a provision." As for plaintiff's request that the court deny debtor a discharge, the court refused, finding no provision in Chapter 13 of the Code to permit objecting to the discharge of a debtor. *In re Lewis*, 5 B.R. at 578.

Some 40 years after the *Lewis* decision, bankruptcy courts still view the opportunity to preclude discharge of some or all debts in a Chapter 13 case as extremely narrow. The court in *Johnson v. Johnson (In re Johson)*, No. 22-54152, Adv. No. 22-5125, 2023 WL 5156369, at *4 (Bankr. N.D. Ga. August 10, 2023) explained, "[i]n cases under Chapter 13, Section 1328 provides the basis for a debtor's discharge with limited exceptions. There is no basis for asserting an objection to discharge on the grounds listed in Section 727, such

---

[33] 11 U.S.C. § 727(a) provides that the court shall grant the debtor a discharge, unless one of the grounds set out in § 727(a)(1) through (12) applies.

as concealing property or failing to disclose information regarding property . . . ."

This Court's research has yielded several instances where courts have avoided the question of whether a motion to deny a Chapter 13 discharge can be granted and simply have chosen to close a debtor's case without granting her discharge. The *Reed* court was presented with circumstances similar to those here. Debtor Ms. Reed made all payments required to complete her Chapter 13 plan and filed a certification that her domestic support obligations were current as of that date. 2014 WL 132106, at *1. Mr. Reed, a creditor, alleged that in fact debtor was thousands of dollars in arrears on her obligations and asked the court to deny her discharge. *Id.* Upon the court's finding that Ms. Reed was in arrears on her domestic support obligations to Mr. Reed, the court determined, by invoking its equitable power, that the most appropriate next step was to close the case without granting a discharge to Ms. Reed. *Id* at *2. The *Reed* court did not address whether the text of § 1328(a) authorized denial of discharge in appropriate circumstances.

Other courts have found it appropriate to close a Chapter 13 case without granting a discharge when a debtor fails to file the certification necessary under section 1328(a). *See, e.g., In re Nasralla,* 653 B.R. 247, 249 (Bankr. E.D. Mich. 2023) (considering a six-year delay in filing a motion to reopen, the court noted that "[t]he case was closed on February 22, 2017, without a discharge as to both Debtors, due to both of the Debtors' failure to timely file 'the Local Form Certification Regarding Domestic Support Obligations'."); *In re Sims*, 2008 WL 7842067, at *2 (order directing debtor to file 11 U.S.C. § 1328 certificate regarding domestic obligations to prevent his case from being closed without a discharge); *see also,* ECF No. 135 in this case (notice to the debtors of the need to file Local Form 2831 by a specific deadline, and adding: "If you do not file Local Form 2831 by this deadline, the Court may close your case without granting a discharge.").

In contrast, one bankruptcy court warned that it would enter an order denying a § 1328(a) discharge if the debtors did not refile a plan modification by a date certain. *In re Villarreal,* 639 B.R. 427 (Bankr. S.D. Tex. 2022). There, the debtors' plan required them to pay future taxes directly to their county and school district. *Id* at 433. The debtors failed to make those tax payments from 2017 through 2020 which led to a post-confirmation mortgage modification and a tax advance from their mortgage lender. *Id* at 434. Because the debtors never modified their plan to remove their direct tax payments, the court found they had failed to make payments under the plan. *Id* at 435. The *Villareal* court determined that the debtors' section 1328(a) certifications affirming their completion of "all payments under the plan" were false. *Id* at 439. In light of that falsity, the court denied the debtors' request for entry of discharge and explained that debtors who do not complete all payments under the plan per section 1328(a) are not entitled to a Chapter 13 discharge. *Id* at 440. The court did not expressly examine the text of § 1328(a) to consider whether it provided authority to deny a Chapter 13 discharge, or whether its warning only forecast a possible case closure without discharge.

Adhering to a distinction between denial of discharge in a Chapter 13 case and closure without discharge is more than a semantical exercise. The *Lewis* court respected Congress' choice to set out multiple bases for denying discharge in § 727(a) but only providing very limited bases for non-dischargeability of certain debts in § 1328(a). The *Lewis* decision was issued 25 years before Congress enacted BAPCPA, a law which included changes to § 1328. The 2005 change, which inserted the DSO payment requirement into the text of § 1328(a), did not change the law that DSO debts are non-dischargeable, but also did not create a basis to object to the debtor's broader discharge.

Post-*Lewis*, it appears that most courts faced with false § 1328(a) certifications have concluded there can be no Chapter 13 discharge, and thus, the case must be closed without one. *See, e.g. Reed*, *Nasralla, Sims.* This

Court's Local Form 2831 warns of that very outcome – closure of the case without discharge. Moreover, the bankruptcy rules direct that a proceeding to revoke or object to a discharge must, with limited exceptions, be commenced via an adversary proceeding. Fed. R. Bankr. P. 7001(d). In contrast, closure without discharge for false or absent certifications can occur without the litigation process of a Rule 7001 adversary proceeding. And, closure without discharge can permit, in the proper case, a later motion to reopen under § 350(b).[4]

Because Ms. Hair owes approximately $45,000.00 in domestic support obligations and falsely certified on Local Form 2831 that she had no domestic support obligations owing at the time of her certification, this Court will take the same approach as the *Lewis, Reed, Sims* and *Nasralla* courts. Instead of granting the trustee's original request to deny Ms. Hair's discharge, the Court will order the case closed without discharge.

By docketing this decision, the Court also is providing a copy to the U.S. Trustee, for his review and whatever action he might deem appropriate.

Accordingly,

IT IS HEREBY ORDERED: This case be closed with no discharge granted to joint debtor Jalessa Hair.

#####

[4] By mentioning § 350(b), this Court in no way predicts the merits of any future motion.